**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELVIA GOMEZ,<br><br>Plaintiff<br><br>v.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY, ANDREW DUCAR,<br><br>Defendants | Case No.: 2:26-cv-02074-APG-EJY<br><br>**Order Certifying Question to the Supreme Court of Nevada** |

I respectfully certify to the Supreme Court of Nevada (SCON) the following question of law that is determinative as to part of a case before me and as to which there is no controlling precedent in the decisions of the SCON or the Nevada Court of Appeals:

1. Under Nevada law, does a claims adjuster employed by an insurer owe an insured a duty of care that will support a claim for negligence against the adjuster?

## I. Statement of Facts Relevant to the Certified Question and Nature of the Controversy in Which the Questions Arise

Elvia Gomez was in a vehicle accident. The tort-feasor's insurance company paid Gomez the $25,000 policy limit. That amount did not fully compensate Gomez, so she submitted a demand to her insurer: Progressive Northern Insurance Company. Andrew Ducar, a Progressive employee, was the adjuster on the claim. The parties could not reach an accord on the demand, so Gomez sued Progressive and Ducar in state court. Progressive removed the case to this federal court based on diversity jurisdiction, arguing that Ducar was fraudulently joined because Nevada law does not recognize a claim against an insurance company's adjuster. Progressive also moved to dismiss Ducar for that reason. Gomez opposed dismissal of Ducar

and moved to remand the case to state court. She argued that the SCON "has not explicitly addressed whether a claim for negligence can or cannot be asserted against a claims adjuster," while some states have allowed employees of an insurance company to be personally liable for their conduct. ECF No. 14 at 9.

I granted the motion to dismiss Ducar, believing "that Nevada would follow California and the majority rule and rule that an adjuster who's an employee of the insurance company does not owe the insured a duty." ECF No. 25 at 20. I then denied the motion to remand because complete diversity exists between the remaining parties. Gomez moved to reconsider my decision, arguing in part that because the issue is unsettled under Nevada law, there is a possibility the SCON would allow a negligence claim against an adjuster, and that possibility precludes me from finding Ducar was fraudulently joined.

**II. There is No Controlling Precedent in Nevada Law**

I have found no controlling precedent on the certified question, and the parties have not presented any. Some judges in this federal district have predicted that Nevada would adopt the majority rule and hold that individual claim adjusters cannot be liable to an insured for negligence. *See Silon v. Am. Home Assur. Co.*, No. 2:08-cv-1798-RCJ-LRL, 2009 WL 1090700, at *2 (D. Nev. Apr. 21, 2009) (holding adjusters "do not owe a general duty of care to the insured, and therefore cannot be held liable to the insured for negligence as a matter of law"); *O'Brien v. Progressive Direct Ins. Co.*, No. 2:20-cv-1901-JCM-NJK, 2021 WL 2301928, at *4 (D. Nev. June 4, 2021) ("This court will also follow the majority rule that claims adjusters cannot be personally liable for negligence while acting within the scope of their employment."); *Brown v. State Farm Fire & Cas. Co.*, No. 2:10-CV-01843-KJD-LRL, 2011 WL 2295162, at *4 (D. Nev. June 8, 2011) ("Defendant's insurance claim representatives cannot be held

individually liable for negligence to the insured . . . ."); *Vargas v. California State Auto. Ass'n Inter-Ins. Bureau*, 788 F. Supp. 462, 464-65 (D. Nev. 1992) (same). These federal cases are not controlling authority on Nevada law.

Here, if Ducar cannot be held liable to Gomez for negligence, then he must be dismissed from the lawsuit, diversity jurisdiction would exist, and I would retain jurisdiction over Gomez's claims against Progressive. If Gomez can assert a claim against Ducar, complete diversity would be lacking so I would remand the case to state court. Thus, the question to be resolved is dispositive of some or all claims asserted in this case.

This issue is important to Nevada tort and coverage litigation but elusive of review. Therefore, it is more appropriate for the SCON to decide it. Accordingly, I certify the above question to the SCON.

**III. Parties' Names and Designation of Appellant and Respondents**

I designate Gomez as the appellant and the defendants as the respondents.

Plaintiff/Appellant: Elvia Gomez

Defendants/Respondents: Progressive Northern Insurance Company, Andrew Ducar

**IV. Names and Addresses of Counsel for the Parties**

Plaintiff/Appellant's counsel
Jordan P. Schnitzer
The Schnitzer Law Firm
710 South 9th Street, Suite 2
Las Vegas, NV 89101

Defendants/Appellees' counsel
Ryan L. Dennett
Jennifer E. Insley-Micheri
Dennett Winspear, LLP
3301 N. Buffalo, Suite 195
Las Vegas, NV 89129

**V. Any Other Matters the Certifying Court Deems Relevant to a Determination of the Questions Certified**

The clerk of court will forward to the SCON the transcript of the hearing on the motion to dismiss (ECF No. 25) and my order granting Gomez's motion to reconsider (filed concurrently with this order). I defer to the SCON whether it requires any other information to answer the certified question. I do not intend my framing of the question to limit the Court's consideration of the issues.

I THEREFORE ORDER the clerk of court to forward under official seal copies of this order, ECF No. 25, and my order granting plaintiff Elvia Gomez's motion to reconsider to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada 89701.

DATED this 18th day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE